# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES L. TRUJILLO,

    *Plaintiff*,

vs.

SHERIFF, WASHOE COUNTY,

    *Defendant*.

3:06-CV-00143-JCM-VPC

ORDER

    Presently before the court are the plaintiff's objection (#62) to United States Magistrate Judge Valerie Cooke's report and recommendation (#61), and the plaintiff's motion to dismiss (#64).

    Under Local Rule IB 1-4 and 28 U.S.C. § 636(b)(1)(B), a magistrate judge shall file findings and recommendations for disposition by the district judge. The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made [and] may accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1). Under Local Rule IB 3-2, the district judge may also receive further evidence or remand the same to the magistrate with instructions.

    On November 30, 2006, the plaintiff filed his second amended complaint (#16) pursuant to 42 U.S.C. § 1983. He claims that various prison officials violated his Fourteenth Amendment rights as a pretrial detainee placed in protective custody, by deliberately allowing him to become the target in an attack by another inmate, where the officials knew that the other inmate was a high-risk inmate who had

previously been involved in an inmate altercation. He also alleges state law violations under Nevada Revised Statutes Sections 212.010, 212.020, and 197.200.

On May 10, 2007, the defendants filed a motion for summary judgment (#45). The plaintiff filed his response (#55) on June 25, 2007, to which the defendants replied (#58) on July 3, 2007. On June 25, 2007, the plaintiff filed a cross-motion for summary judgment. The defendants responded (#57) on June 28, 2007. The plaintiff did not reply, but filed a motion to strike the defendants' response (#59) on July 9, 2007, to which the defendants did not respond.

On October 2, 2007, the magistrate judge entered her report and recommendation (#61), which recommended that the defendants' motion for summary judgment (#45) be granted, and plaintiff's cross-motion for summary judgment (#56) and motion to strike (#59) be denied. As a preliminary matter, she concluded that the plaintiff wished to voluntarily dismiss two of the defendants from the action.

Moving to the plaintiff's federal claim, the magistrate judge noted that the standard for pretrial detainee claims is the same standard as for Eighth Amendment cruel and unusual punishment claims: prison official commits a violation where he shows deliberate indifference to a substantial risk of serious harm to an inmate. The magistrate concluded that the defendants did not act with deliberate indifference in placing the plaintiff in the arraignment room prior to his court appearance next to three high-risk inmates, one of whom attacked plaintiff, where the defendants were present in the room and stopped the attack three seconds after it began.

She also concluded that the plaintiff did not incur serious injuries to constitute a violation of his substantive due process rights as a pretrial detainee. Furthermore, she found that the defendants did not act arbitrarily with no rational relationship to a legitimate governmental interest in placing the plaintiff in the arraignment room. In light of her conclusions, the magistrate judge determined that the plaintiff's cross-motion for summary judgment was moot, and she declined to exercise supplemental jurisdiction over the plaintiff's state law claims.

The plaintiff filed an objection to the report and recommendation (#62) on October 22, 2007. The defendants filed their response to the plaintiff's objection (#63) on November 6, 2007.

The plaintiff raises several objections to the report and recommendation. First, and as the thrust of his other arguments, he contends that the magistrate judge misinterpreted Washoe County Sheriff's Office Standard Operating Procedure 705 ("SOP 75"), which he submitted in support of his claims. SOP 75 states:

> Inmates classed into Protective Custody will be housed separately from the general population. **Protective Custody inmates will be kept separate** from all other inmates whenever possible to prevent these inmates from being placed at risk.

(Emphasis in original.) The magistrate judge concluded that the phrase "whenever possible" rules out the requirement that protective custody inmates can never be in the same area as other inmates. Conversely, the plaintiff asserts that under SOP 75, he never should have been placed with a high-risk inmate, and that the statutes and case law do not support the magistrate judge's conclusion. Despite the plaintiff's arguments, the magistrate properly concluded that the plain language of SOP 75 precludes finding that protective custody and high-risk inmates can never be mixed, and the plaintiff has cited no authority to persuade the court otherwise.

Second, the plaintiff contends that he should not have been placed in the arraignment room with the inmate who attacked him, Robert King, because King had a propensity for violence. He claims that because King had previously attacked another inmate just one month prior to the attack on the plaintiff, the defendants acted with deliberate indifference to a substantial risk of serious harm to him. The defendants argue that in King's previous altercation, King had been provoked by the other inmate. The magistrate judge reviewed the videotape from the previous incident, and determined that King may have been provoked. She also noted that there was no other evidence before the court to suggest that King is generally aggressive toward protective custody inmates. The magistrate judge concluded, and the court agrees, that at most the defendants acted negligently in placing a protective custody inmate next to three high-risk inmates, which is insufficient to prove deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 836 (1970).

Third, the plaintiff contends that because the defendants failed to oppose his motion to strike the defendants' opposition (#59), the court has "no choice" but to grant the plaintiff's motion under Fed. R. Civ. P. 8(d). Although Fed. R. Civ. P. 8 addresses the general rules of pleading, it does not support the proposition that the court must grant unopposed motions.

The plaintiff may have intended to invoke Local Rule 7-2, rather than Fed. R. Civ. P. 8. Local Rule 7-2 requires that points and authorities in response to a motion be filed and served by an opposing party within fifteen days after service of the motion. The failure of a moving party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. In his motion to strike (#59), the plaintiff objects to the defendants' response to his cross-motion for summary judgment (#57), which disputed the filing deadlines and timeliness of the plaintiff's cross-motion. Having reviewed the merits of the plaintiff's motion to strike (#59), and in light of the court's careful consideration of all substantive issues presented by both parties, the court finds it inappropriate to grant the plaintiff's motion to strike.

Finally, the plaintiff claims that the magistrate judge erred in stating that he failed to name the proper defendants. The plaintiff, however, mis-characterizes the magistrate judge's statement. The magistrate judge's point was that the plaintiff failed to name the correct defendants to the extent that the plaintiff is attempting to challenge the Washoe County Detention Center's ("WCDC") court transport policy and procedure that allows inmates of different classifications to occupy the same area while awaiting transport to court. That is, none of the named defendants are policy makers at the WCDC. The court finds that the magistrate judge did not err in her assessment of the defendants' ability to make or change WCDC policy, and the plaintiff's position on this issue is without merit.

The plaintiff filed a motion to dismiss the case on November 21, 2007. He requests that this court dismiss the action without prejudice, because the magistrate judge denied his motion to file a third amended complaint (#41) in a hearing that took place on May 24, 2007. The plaintiff had the opportunity to file a motion to dismiss the case on this basis in May 2007, but waited to request dismissal without prejudice until after the magistrate judge recommended granting summary judgment to the defendants. Given the plaintiff's timing, the court opts to deny the plaintiff's motion to dismiss and decide the case on the merits of the plaintiff's claims.

1     Having reviewed the case file, the magistrate judge's report and recommendation (#61), plaintiff's objection (#62), defendants' response (#63), and the plaintiff's motion to dismiss without prejudice (#64),

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff's objection to the magistrate's report and recommendation (#62), and the plaintiff's motion to dismiss, be and the same hereby are, DENIED.

    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that United States Magistrate Judge Cooke's report and recommendation (#61) is AFFIRMED in their entirety.

    DATED this 14th day of December, 2007.

_____
JAMES C. MAHAN
United States District Judge